Filed 5/17/23  P. v. Odinma CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>FRANKLIN ODINMA,<br><br>　　　Defendant and Appellant. | A165886<br><br>(Alameda County<br>Super. Ct. No. 178765) |

　　　Defendant Franklin Odinma appeals from the denial of his petition for resentencing under Penal Code[1] former section 1170.95, now section 1172.6, based on changes in the law governing murder.  Odinma's appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*), which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal. Under that framework, we gave Odinma notice that he had a right to file a supplemental brief or his appeal could be dismissed.  (See *Delgadillo*, at pp. 231–232.)

　　　Odinma filed a letter raising several issues, requiring us to issue an opinion evaluating them.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  His claims fail since he is categorically ineligible for relief under section 1172.6,

---

[1] All further statutory references are to the Penal Code.

which applies only to petitioners convicted of murder, attempted murder, or manslaughter.  (§ 1172.6, subd. (a).)  Although it appears that Odinma was initially charged with attempted murder, under a plea agreement he was convicted of only second degree robbery and assault with a semiautomatic firearm.  Accordingly, we affirm.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2016, Odinma arranged through Craigslist to sell a car to another man, the first victim.[2]  On March 15, the two met in Hayward.  The victim was accompanied by his wife and two young children.  After he talked to Odinma and became suspicious that the car was stolen, he returned to his own vehicle, where his family was waiting.  Odinma followed him and pointed a gun at him, threatening to kill him unless he gave Odinma the money.  The victim stated he did not have cash on him, at which point Odinma reached into the victim's vehicle and "went through [his] wife's purse."  The victim then grabbed the gun and directed it away from him and his family before driving away.  As the family left, Odinma fired one shot, striking the victim's arm.

Five days later, on March 20, Odinma met in Oakland with the other two victims, a man and his son, to sell them a car.  After they paid Odinma, he tried to drive away in the car, but one of the men prevented him from doing so.  When that man attempted to recover the money, Odinma "resisted, brandished a gun, hit [him] over the head with the gun, and bit [him], twice."  Odinma also hit the other man with the gun and punched him in the chest.  A few days later, Odinma was arrested.

---

[2] We draw the facts from the probation report, as little other information about them appears in our record.

Odinma was charged with several felonies based on these incidents.[3] In March 2020, under a plea agreement, he pleaded no contest to one count of second degree robbery and one count of assault with a semiautomatic firearm, with an accompanying enhancement for personal use of a firearm.[4] The remaining counts and enhancements were dismissed. Three months later, the trial court sentenced Odinma to 15 years in prison, composed of the upper term of nine years for the assault, the midterm of four years for the firearm enhancement, and, with the parties' stipulation, the low term of two years instead of one-third the midterm for the robbery.

In June 2022, Odinma filed a petition for resentencing under former section 1170.95. He claimed that he was eligible for relief under newly enacted Senate Bill No. 775 (2020–2021 Reg. Sess.), which expanded relief under the statute to those convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2.) He also claimed that he was entitled to a lesser term on the assault conviction under Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567), which made the middle term the presumptive

---

[3] No official charging document appears in our record. A worksheet of unknown provenance that Odinma submitted with his resentencing petition reflects that he was charged with attempted premeditated murder (§§ 187, 664), attempted robbery (§§ 211, 664), assault with a semiautomatic firearm (§ 245, subd. (b)), and being a felon in possession of a firearm (§ 29800) in connection with the first incident, and robbery (§ 211), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), being a felon in possession of a firearm (§ 29800), and being a felon in possession of a loaded firearm (§ 25850, subd. (c)(1)) in connection with the second incident. He was also charged with several firearm and prior-conviction enhancements.

[4] The convictions were under sections 211 (robbery) and 245, subdivision (b) (assault with a semiautomatic firearm), and the firearm enhancement was under section 12022.5, subdivision (a). The robbery conviction was based on the second incident, but it is not clear from the record which incident formed the basis of the assault conviction.

term unless aggravating factors admitted or proved beyond a reasonable doubt justify the upper term. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464; see §§ 1170, subd. (d), 1170.1, subd. (d).)

Later in June 2022, the trial court held a hearing on Odinma's resentencing petition. Odinma neither requested nor was appointed counsel, and he was not present at the hearing. The prosecutor argued that former section 1170.95 was "not applicable to Mr. Odinma's situation," and the court agreed and denied the petition. Odinma appealed from the denial, suggesting in the notice of appeal that the court erred by deciding the petition without his appearance.

## II.
### DISCUSSION

Odinma first claims that he qualifies for relief under section 1172.6 because he was initially charged with attempted murder. The claim is meritless. The only petitioners eligible for relief are those who were "*convicted of* felony murder or murder under the natural probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a), italics added.) Accordingly, even had there been any error in the trial court's disposition of the petition, such as a violation of Odinma's right to be present, it would be harmless under any standard. (See, e.g., *People v. Lewis* (2021) 11 Cal.5th 952, 957–958 [assessing prejudice from failure to appoint counsel under former section 1170.95]; *People v. Basler* (2022) 80 Cal.App.5th 46, 58–59 [assessing prejudice from petitioner's absence at evidentiary hearing under same statute].)

4

Odinma next asks us to consider whether he has the right to a hearing under Senate Bill No. 567 to reduce his upper-term sentence for the robbery.[5] That legislation, which took effect on January 1, 2022, is retroactive under *In re Estrada* (1965) 63 Cal.2d 740, and we recently held that defendants who received the upper term under a plea agreement for a stipulated sentence are not precluded from seeking relief under the new law. (*People v. Fox* (A165462, Apr. 20, 2023) __ Cal.App.5th __ [p. 3].) But only defendants whose judgments are not final are entitled to the retroactive application of ameliorative legislation under *Estrada*, and Odinma never appealed from the June 2022 judgment, meaning it is long final. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303; *People v. Vieira* (2005) 35 Cal.4th 264, 306 [judgment final once time for petitioning for writ of certiorari in United States Supreme Court expires].) Although a *successful* petition for resentencing under section 1172.6 might " 'reopen the finality of a sentence for retroactivity purposes' " (*People v. Rodriguez* (2021) 71 Cal.App.5th 970, 998–999), Odinma is categorically precluded from relief under that statute. Therefore, he has no right to resentencing under Senate Bill No. 567 in this proceeding.

Similarly, we reject Odinma's arguments involving other recent legislation. He contends that he qualifies for relief under Assembly Bill No. 256 (2021–2022 Reg. Sess.), which amended the California Racial Justice Act of 2020 to authorize postconviction relief for defendants who can prove

---

[5] Odinma also states that he seeks to "remove, strike[,] or reduce" the firearm enhancement "based on the law P.C. 1170(d)," a statute amended by Senate Bill No. 567, because he has "completed [his] base term and half of [his] sentence." But he was sentenced to the midterm for this enhancement, and we fail to perceive how section 1170, subdivision (d), or its counterpart for enhancements, section 1170.1, subdivision (d), would otherwise support reducing that term.

they were convicted or sentenced based on their "race, ethnicity, or national origin." (Stats. 2022, ch. 739, § 2.) But the Act provides for a petition for a writ of habeas corpus or, for those no longer in custody, a motion under section 1473.4. (§ 745, subd. (b).) Odinma provides no authority to suggest that he is authorized to seek relief under the Act in a section 1172.6 proceeding.

Odinma also argues he is entitled to relief under Senate Bill No. 81 (2021–2022 Reg. Sess.), which amended section 1385 in various respects to alter a trial court's discretion to dismiss enhancements in the interest of justice. (Stats. 2021, ch. 721, § 1; *People v. Walker* (2022) 86 Cal.App.5th 386, 395–396, review granted Mar. 22, 2023, S278309; *People v. Sek* (2022) 74 Cal.App.5th 657, 662–663.) But even if this legislation were deemed to apply retroactively and Odinma could benefit from it were he to be resentenced, his ineligibility for relief under section 1172.6 precludes the legislation from having any effect in this proceeding.

Finally, Odinma asks us to replace his appointed appellate counsel, based on their disagreements about strategy. As discussed, none of the claims Odinma raises have merit. Having exercised our discretion to perform an independent review of the record, we do not perceive any other arguable issues either. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Therefore, we deny the request to appoint new appellate counsel.

## III.
### DISPOSITION

The June 10, 2022 order denying Odinma's petition for resentencing under former section 1170.95 is affirmed.

6

_____

Humes, P.J.


WE CONCUR:


_____

Banke, J.


_____

Bowen, J.*


     *Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Odinma*  A165886